UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 12-87-JBC

BOBBY L. YOCOM, PLAINTIFF

V. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Bobby Yocom's appeal from the Commissioner's denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 13, and deny Yocom's motion, R. 12, because substantial evidence supports the administrative decision.

At the date of his applications for DIB and SSI, Yocom was a thirty-nine-year-old male with a limited education who could communicate in English. AR 75-76. Prior to the alleged disability, he worked as a septic tank servicer. AR 75. Yocom alleges "disabled" status beginning August 17, 2008, AR 158, 165, resulting from diabetes, high blood pressure, and lower back pain. AR 180. He filed his claims for DIB and SSI on May 29, 2009. AR 158, 165. The claims were denied initially on September 16, 2009, AR 88-89, and upon reconsideration on October 8, 2009, AR 90-91. After a hearing on August 11, 2010, Administrative

1

Law Judge ("ALJ") Gloria B. York determined that Yocom was not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 77. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Yocom has not engaged in substantial gainful activity since alleged disability onset date, AR 71; that he has severe impairments, including degenerative changes at L5-S1, noninsulin dependent diabetes mellitus, and hypertension, AR 72; that his impairments or combination of impairments did not meet or equal a listing in the Listing of Impairments, AR 73; that he had the residual functional capacity ("RFC") to perform the full range of medium-level work, *id.*, and that he could return to his past relevant work. Thus, the ALJ denied Yocom's claim, at the fourth step, on January 31, 2011. AR 75-76. The Appeals Council found no basis for review on March 26, 2012, 50-52, and Yocom commenced this action.

Yocom challenges the ALJ's ruling on the grounds that the ALJ erred in finding that he did not suffer from a severe mental impairment. Under 42 U.S.C. § 405(g), the court's review is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is defined as "more than a mere scintilla" of evidence but less than a preponderance; "it is such relevant evidence

2

as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).

The ALJ's conclusions regarding Yocom's mental impairment are supported by substantial evidence. Psychologist Christopher Catt and his associate Kari Ann Hall examined Yocom in September 2010 at the request of the ALJ and reported a diagnostic impression of an anxiety disorder and borderline intelligence. AR 436. The examiner indicated that Yocom's mental problems would impose moderate limitations in such areas as carrying out complex and simple instructions, making judgments on simple work-related decisions, dealing with complex instructions, interacting appropriately with supervisors and responding appropriately to usual work situations and to changes in a routine work setting. AR 438-439. An impairment may be considered "not severe" only if it is no more than a "slight abnormality" having only a minimal effect on the claimant's ability to perform work activities. *See Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). Moderate restrictions in mental functioning are inconsistent with a finding of a non-severe mental impairment. *See Simpson v. Commis'r of Soc. Sec.*, 344 Fed. Appx. 181, 2009 WL 2628355 at *18-20 (6th Cir. 2009). However, the ALJ noted a number of reasons that the opinion of the mental health examiner was not well-supported. Testing on the Rey 15 Item Memory Test suggested malingering. AR 73, 436. The psychologist who administered the intelligence testing did not think Yocom's full-scale IQ score of 54 was valid. AR 72, 435. This IQ score was

3

especially suspicious in view of his history of semi-skilled work. AR 72-73. The opinion of a one-time examiner is not entitled to the same deference as that of a treating source, and the ALJ is permitted to give the opinion the weight she sees fit. *See Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 572 (6th Cir. 1989). Therefore, the ALJ did not err in rejecting this opinion.

The opinion of Dr. Kevin Rowe, a treating source, does not support Yocom's claim. Dr. Rowe diagnosed Yocom with an adjustment disorder in June 2009. AR 257. Yocom reported depression on follow-up visits in July 2009, November 2009, and December 2009. AR 401-402, 406. Yocom asserts that these reports from a treating source support his claim that he suffered from a severe mental impairment. However, the mere diagnosis of a condition does not prove its severity; its disabling effects must still be shown. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Dr. Rowe did not identify specific mental limitations. Furthermore, Dr. Rowe indicated in January 2010 that Yocom's psychological examination was normal despite complaints of depression. AR 400. Thus, the ALJ did not err in her treatment of Dr. Rowe's opinion.

The ALJ having properly applied the relevant legal standards and her decision being supported by substantial evidence,

**IT IS ORDERED** that Yocom's motion for summary judgment, R. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 13, is **GRANTED**.

The court will enter a separate judgment.

Signed on January 4, 2013

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY